IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRANCE MASON,

    Petitioner,
v.                                               CASE NO. 3:18-cv-288-RV-GRJ

SECRETARY, FLORIDA DEP'T
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case in February of 2018 by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner's petition, however, was deficient because he failed to use the Court-approved form. He also failed to either pay the $5.00 filing fee or to file a motion for leave to proceed *in forma pauperis*.

As a result, the Court ordered Petitioner to file a completed amended petition on the proper form and either to pay the filing fee or file a completed motion to proceed as a pauper by March 23, 2018. The Court informed Petitioner that failure to comply with the Court's order or to show cause as to why he is unable to comply may result in a dismissal of the case for failure to prosecute and failure to comply with an order of this

Court. (ECF No. 3.)

Petitioner then filed an amended petition for writ of habeas corpus and a motion for leave to proceed as a pauper. (ECF Nos. 4, 5.) But the Court again found Petitioner's petition deficient, this time because he failed to complete the form. Additionally, the Court found that Petitioner had sufficient assets to pay the $5.00 filing fee, so the Court denied Petitioner's motion to proceed as a pauper. (ECF No. 6.)

The Court then ordered Petitioner to file a completed second amended petition and to pay the filing fee on or before April 25, 2018. The Court also warned Petitioner that failure to comply with the Court order as instructed or to show cause as to why he is unable to comply will result in a recommendation to the district judge that this case be dismissed for failure to prosecute and failure to comply with a Court order. (*Id*.)

When Petitioner failed to meet this deadline, the Court ordered Petitioner to either comply or show cause on or before May 25, 2018, as to why this case should not be dismissed for failure to comply with an order of the Court and for failure to prosecute. (ECF No. 7.)  As of the date of this report and recommendation, Petitioner has failed to file an amended petition or to pay the filing fee. He has also failed to respond to the Court's

order to show cause as to why the case should not be dismissed.

Petitioner's failure to comply with the Court's orders has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983). Moreover, the Local Rules of the Northern District of Florida provide that the Court may dismiss a case if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1.

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Petitioner's failure to comply with the Court's orders amounts not only to a failure to prosecute, but also an abandonment of his case for which dismissal is an appropriate sanction.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice for failure to prosecute and failure to comply

with an order of this Court.

**IN CHAMBERS** this 29th day of May 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.